UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAYMOND JACKSON,<br><br>                     Plaintiff,<br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                     Defendants. | Case No. 3:19-cv-00115-MMD-WGC<br><br>ORDER |

      This is a civil rights case involving Plaintiff Raymond Jackson, who is in custody at the Northern Department of Corrections. Before the Court is Plaintiff's objection (ECF No. 24) to United States Magistrate Judge William G. Cobb's minute order (ECF No. 22). For the following reasons, the Court overrules Plaintiff's objection.[1]

      Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011)

---

[1]Defendants have not responded.

(quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

In Judge Cobb's minute order, he vacated and had stricken from the docket an inmate early mediation conference scheduled for September 1, 2020 (ECF No. 18) and an order setting a 90-day stay report (ECF No. 19). (ECF No. 22.) Judge Cobb found that an early mediation conference previously occurred on March 3, 2020. (*Id.*; *see also* ECF No. 14).) Plaintiff argues that "it is a fact that it happened," therefore "to order it being stricken as though it never happened would be an abuse of this Court[']s discretion." (ECF No. 24.) Plaintiff appears to have mistakenly believed that Judge Cobb struck the March 3, 2020 early mediation conference from the record, when in fact he had stricken the conference scheduled for September 1, 2020. Otherwise, Plaintiff agrees with Judge Cobb that the March 3, 2020 conference already occurred. Accordingly, the Court finds that Judge Cobb has not clearly erred in the minute order (ECF No. 22).

It is therefore ordered that Plaintiff's objection (ECF No. 24) is overruled.

DATED THIS 16th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE