UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND JACKSON,<br><br>     Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>     Defendants. | Case No.: 3:19-cv-00115-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 34 |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 34). Plaintiff bases his motion on the fact that (1) he is unable to afford counsel, and (2) Plaintiff has no access to the law library nor a law clerk for assistance.

While any *pro se* inmate such as Mr. Jackson would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to

federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has shown an ability to articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

2

1 | The substantive claims involved in this action are not unduly complex. Plaintiff's complaint was allowed to proceed on the Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants Martin, Artington and Munichin. (ECF No. 8 at 9.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. In fact, Plaintiff has not discussed this issue whatsoever.

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 34).

**IT IS SO ORDERED.**

Dated: June 26, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE